**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

Oklahoma City, OK

Dated: May 8, 2026

| | | |
|---|---|---|
| CESAR ALFREDO MONTERO MORA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-803-D |
| | ) | |
| STEVE KELLEY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

ENTER ORDER:

On May 7, 2026, Respondents filed their Status Report in response to the Court's May 6, 2026 Order directing Respondents to certify compliance with the Court's April 29, 2026 Order, or show cause why they have failed to comply with the Order. [Doc. No. 16]. Respondents allege they have complied with the Court's April 29, 2026 Order because Petitioner was afforded a third custody redetermination hearing on May 6, 2026. *Id.* Specifically, Respondents allege that the redetermination hearing complied with the Court's order because Immigration Judge Jacinto Palomino denied Petitioner's request for change of custody status because he "is a flight risk and that he now has a removal order with no valid forms of relief available currently in the USA . . .." *Id.* However, upon review of the immigration judge's May 6, 2026 Order, he again included as the basis for his denial "no change in circumstances to warrant a new bond; Court lacks jurisdiction" despite being aware of this Court's April 29, 2026 Order. [Doc. No. 17-1]. Moreover, at the May 6th hearing, in support of his determination, the immigration judge stated that "I don't care what the district court says about that, he's an arriving alien, therefore he's not eligible for bond," and stated his belief that he did not have jurisdiction multiple times during the hearing. [Doc. No. 18-3]

Although "[t]his court lacks jurisdiction to review a discretionary bond determination if one was meaningfully made, 8 U.S.C. § 1226(e), . . . it most assuredly has jurisdiction to enforce its own orders and to assure they are followed absent a stay pending appeal to a higher court." *Molina-Avila v. Blanche*, No. CIV-26-478-HE, Doc. No. 20, at p. 1-2 (W.D. Okla. Apr. 24, 2026) (ordering respondents to either release the petitioner, provide the petitioner with another bond hearing, or Judge Jacinto Palomino supplement

his order denying bond because the district court could not determine whether his conclusory denial of bond on the basis of "flight risk" and "*Matter of Hurtado*" (*i.e.* lack of jurisdiction) complied with the court's order to provide a bond hearing under 8 U.S.C. § 1226).

On May 7, 2026, Petitioner filed an Amended Motion to Enforce arguing that the May 6, 2026 hearing did not comply with this Court's April 29, 2026 Order. [Doc. No. 18]. The Court would like further briefing on the issue of whether it has jurisdiction to review the immigration judge's order when his denial of the custody redetermination was based on both "flight risk" and "no jurisdiction." Accordingly, Petitioner is directed to file a supplemental brief regarding the issue of jurisdiction and any other arguments he feels are warranted on or before May 15, 2026. Furthermore, Respondents shall file a response to Petitioner's Amended Motion to Enforce and supplemental brief on or before May 20, 2026.

THE ABOVE ORDER ENTERED AT THE DIRECTION OF JUDGE TIMOTHY D. DeGIUSTI.

*Joan Kane, Clerk*

**By:**   */s/ Jane Eagleston*
           **Deputy Clerk**

*Copies to all parties of record*

2