**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CESAR ALFREDO MONTERO MORA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-803-D |
| | ) | |
| STEVE KELLEY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner's Motions to Enforce Judgment. [Doc. Nos. 14, 18, 20]. Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], in which he asserted that his detention was violative of the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq*. (INA). In a prior Order, the Court granted in part Petitioner's habeas petition, found that 8 U.S.C. § 1226(a) controls Petitioner's detention, and ordered Respondents to provide him with a prompt bond hearing under § 1226(a), or release him. [Doc. No. 12].

Pursuant to the Court's Order, Petitioner received bond hearings on April 29, May 4, 6, and 20, 2026. [Doc. Nos. 14, 18, 20, 22]. At the first three bond hearings the immigration judge denied Petitioner's request on the basis that the court lacked jurisdiction to conduct a bond hearing. [Doc. No. 14-2, 14-3, 18-3]. However, at the bond hearing on May 20, 2026, a different immigration judge denied Petitioner's request to be released on bond because he found that Petitioner was a "flight risk due [to] his speculative relief

(Pending Removal Order), lack of US ties (no relatives with any lawful status in the US), and lack of sponsor financial abilities." [Doc. No. 22-1].

In the present motions, Petitioner requests the Court order Respondents to release him. [Doc. Nos. 18, 20, 22]. Specifically, he argues that the final bond hearing did not comply with this Court's Order because the outcome was "preordained." [Doc. No. 23]. Petitioner contends that the fourth bond hearing was a façade because his prior three requests for release on bond were denied on the basis that the immigration judge lacked jurisdiction. *Id.* Thus, Petitioner argues that the immigration judge's reasoning for denying his request for release on bond at the May 20, 2026 bond hearing is not compliant with this Court's Order because it was not a "fair and neutral adjudication." *Id.*

Although this Court has jurisdiction to ensure compliance with its own orders, it does not have jurisdiction to review a discretionary bond determination by an immigration judge. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the . . . revocation or denial of bond or parole.").[1] In this case, Petitioner has not shown that the May 20, 2026 bond hearing failed to comply with this Court's Order to provide him with a prompt bond hearing pursuant to 8 U.S.C. § 1226. Although Petitioner disagrees with the immigration judge's determination and the number of bond hearings he was given, his motion does not

[1] This statute refers to the Attorney General; however, Congress has empowered the Secretary of the Department of Homeland Security to enforce the INA. *See Nielsen v. Preap*, 586 U.S. 392, 397 n.2 (2019).

provide the Court with sufficient legal authority for the Court to review the immigration judge's discretionary bond decisions made under § 1226.

For these reasons, Petitioner's Motions to Enforce Judgment [Doc. No. 14, 18, 20] are **DENIED**.

**IT IS SO ORDERED** this 23rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE